Larry N. Dorsey, Pro Se
Arlene E. Couch, Pro Se
2200 Emory Road
Reisterstown, MD 21136
443-540-0143
larrydorsey48@gmail.com

IN THE CIRCUIT COURT OF THE STATE OF MARYLAND
COUNTY OF CARROLL

| | |
|---|---|
| LARRY N. DORSEY PRO SE, ARLENE E. COUCH, PRO SE<br><br>Plaintiffs,<br><br>vs.<br><br>ARGENT MORTGAGE COMPANY, LLC; EMC MORTGAGE CORPORATION, BEAR STEARNS ASSET BACKED SECURITIES I, LLC, LASALLE BANK, NA AS TRUSTEE FOR SECURITIZED TRUST BEAR STEARNS ASSET BACKED SECURITIES I 2005-AQ2 TRUST, EMC MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, ("MERS"), AND DOES 1 THROUGH 100 INCLUSIVE, *ET AL.*<br><br>Defendants | Case No.: C-06-CV-23-000056<br><br>PLAINTIFFS' COMPLAINT FOR: LACK OF STANDING TO FORECLOSE, BREACH OF CONTRACT, QUIET TITLE, SLANDER OF TITLE, TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF |

**PLAINTIFFS' COMPLAINT FOR: LACK OF STANDING TO FORECLOSE, BREACH OF CONTRACT, QUIET TITLE, SLANDER OF TITLE, TEMPORARY RESTRAINING ORDER/INJUNCTIVE RELIEF**

COMES NOW the Plaintiffs, Larry N. Dorsey, Pro se and Arlene E. Couch, Pro se ("Plaintiffs") complaining of the Defendants as named above, and each of them, as follows:

## JURISDICTION

1. Venue is proper in Carroll County, as the actions complained of occurred in Carroll County. This Court has jurisdiction over this matter pursuant to the State Constitution and statute.

## THE PARTIES

2. Plaintiffs are now, and at all times relevant to this action, residents of the County of Carroll, State of Maryland.

3. At all times relevant to this action, Plaintiffs owned and has superior claim to the Real Property (the "Home") located at 2200 Emory Road, Reisterstown, MD 21136.

4. Defendant, Argent Mortgage Company, LLC is a limited liability company, a Non-Depository Payor Bank doing business in the County of Carroll, State of Maryland. Plaintiffs are further informed and believe, and thereon allege, that Argent Mortgage Company, LLC is the account debtor of the instant matter in a capacity of accommodated party in interest to a 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, here after more particularly described in this Complaint.

5. Defendant EMC Mortgage Corporation is a corporation, doing business in the County of Carroll, State of Maryland. Defendant is the "Sponsor/Seller" for bankruptcy remote Special Purpose Vehicle BS I 2005-AQ2 Trust. Plaintiffs are further informed and believe, and thereon allege that Defendant EMC Mortgage Corporation was acting in the capacity of a qualified intermediary for credit swap conveyances associated to the 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

6. Defendant Bear Stearns Asset Backed Securities I, LLC is a limited liability company doing business in the County of Carroll, State of Maryland. Defendant is the purported "Depositor" for bankruptcy remote Special Purpose Vehicle BS I 2005-AQ2 Trust. Plaintiffs are further informed and believe, and thereon allege that Defendant Bear Stearns Asset Backed Securities I, LLC was acting in the capacity of a qualified intermediary for credit swap conveyances associated to the 26 U.S. Code § 1031 – Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

7. Defendant, LaSalle Bank, NA, acting in the capacity of Trustee for the bankruptcy remote Special Purpose Vehicle Bear Stearns Asset Backed Securities I 2005-AQ2 (herein referred to as "BS I 2005-AQ2 Trust" is a National Banking Association, doing business in the County of Carroll, State of Maryland. Plaintiffs are informed and believe, and thereon allege that Defendant LaSalle Bank, NA acting in the capacity as Junior Secured Party to Argent Mortgage Company, LLC in the special purpose vehicle (SPV) transaction scheme is offering securities to the secondary market for the purpose of obtaining certificate holder's acquired funds by Special Deposit to execute a 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

8. Defendant, Mortgage Electronic Registration Services, Inc., aka MERS ("MERS"), MERS is doing business in the County of Carroll, State of Maryland. Plaintiffs are informed and believe, and thereon allege that MERS was acting in the capacity of electronic agent as a purported Nominee/Beneficiary for Argent Mortgage Company, LLC under the Deed; subsequently acting in a capacity of bailor/bailee for each successor defendant of bankruptcy remote Special Purpose Vehicle BS I 2005-AQ2 Trust associated to the 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

9. Plaintiffs do not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiffs, or claims some right, title, or interest in the Property. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiffs are informed and believe, and therefore allege that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiffs so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

10. Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein

below, were acting within the course and scope of such agency, employment and/or joint venture.

## GENERAL ALLEGATIONS

11. This is an action brought by Plaintiffs for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

12. Plaintiffs, homeowners, dispute Defendants' superior colorable claim to legal title and equitable title of the Prime Market Real Property in question (hereafter, the "Real Property"), which is the subject of this instant action, in so much that Plaintiffs specifically pledged the Real Property collateral evidenced by the Note and further clarified under the Deed of Trust as Real Property to The Accommodated Non Depository Payor Bank Argent Mortgage Company, LLC (hereafter, Accommodated Party) as Accommodation Party in the 26 U.S. Code §1031 – Exchange of property held for productive use or investment (hereafter, the "§1031 – Exchange"). Plaintiffs are informed and believe, and thereon allege that the Defendant BS I 2005-AQ2 as a Junior Secured Party to Argent Mortgage Company, LLC in the §1031 – Exchange is attempting to make an unlawful claim to legal title through a fraudulent assignment of enforcement rights of the currently un-perfected underlying Deed of Trust and unlawful equitable claim to ownership to Plaintiffs' Real Property through the Argent Mortgage Company, LLC hypothecated collateral purported after acquired "proceeds" of the Real Property which through the Deed of Trust lien encumbering Plaintiffs' Real Property; which, is being unlawfully construed as the Intangible Payment Obligation Transferable Record Chattel Paper (hereafter, the "Payment Intangible"), the underlying intangible collateral to the Tangible Note for Accommodation or Bill of Exchange (hereafter, the "Tangible Note"). (Exhibit A) Note (Exhibit B) Deed of Trust

From 1998 until the financial crash of 2008-2009, over 60 million purported consumer credit mortgage loan transactions were purportedly sold by Non-Depository Payor Banks to Special Purpose Vehicles (hereinafter "SPV") via 26 U.S. Code §1031 – Exchange of property held for productive use or investment (hereafter, the "§1031 – Exchange"). The Plaintiffs' purported home loan was one of the 60 million scheduled to for exchange. (Exhibit G) PSA for BS I 2005-AQ2

14. Plaintiffs are informed and believe, and thereon allege that a §1031 – Exchange is the mechanical transactional scheme whereby a purported Tangible Note is converted/exchanged for a Payment Intangible asset to provide an alternative investment offering via Special Deposit to certificate or bond holders which were expected to be relatively safe; which, were offered by Wall Street Firms to the secondary market through purported mortgage backed securities. (Exhibit C) OCC Asset Securitization Manual 1997, Pg. 23



15. Plaintiffs are informed and believe, and thereon alleges that, certain tax laws known as the Real Estate Mortgage Investment Conduit (hereafter, REMIC) Tax Reform Act of 1986 were to be observed, and whereby the Non-Depository Payor Banks and Issuing Entities REMIC would be protected from either entity going into bankruptcy. To achieve the desired "bankruptcy remoteness," purported numerous "True Sales" of Plaintiffs' Tangible Note would have had to of occurred by operation of All applicable law.

16. Plaintiffs are further informed and believe, and thereon allege that there was no "True Sale" of Plaintiffs' Tangible Note, a circumstance whereby Argent Mortgage Company, LLC sold Plaintiffs' Tangible Note to the "buyer/seller" EMC Mortgage Corporation in **an ordinary course of business** by offer, acceptance, delivery and consideration given

for full value of the entire instrument. (Exhibit D) Real Estate and the Tax Reform Act of 1986.

17. The Accommodated Non Depository Payor Bank (hereafter, Accommodated Party) Argent Mortgage Company, LLC, purports to have negotiated in accordance to all applicable law the Tangible Note obligation **in an ordinary course of business** to successor defendant EMC Mortgage Corporation; likewise, Plaintiffs are informed and believe, and thereon allege that Argent Mortgage Company, LLC has unlawfully purported to assign, transfer, or convey account debtor capacity as Accommodated Party to EMC Mortgage Corporation successor and successor defendants in consideration for a service release premium received for Accommodated Party services rendered for Originating the §1031 – Exchange on or before closing date of BS I 2005-AQ2 Trust. Plaintiffs are informed and believe, and thereon allege that Argent Mortgage Company, LLC never negotiated the Tangible Note by operation of law for full value in accordance with all applicable law to EMC Mortgage Corporation.

18. The Accommodated Party Argent Mortgage Company, LLC, purports to have assigned/transfer a beneficial security interest over Plaintiff's Real Property evidenced by Argent Mortgage Company, LLC recorded Deed of Trust lien **in an ordinary course of business** to successor defendants of the §1031 – Exchange. Plaintiffs are informed and believe, and thereon allege that Argent Mortgage Company, LLC never negotiated the Tangible Note Bill of Exchange for full value in accordance to all applicable law. Plaintiffs are further informed and believe, and thereon allege that at best, Argent Mortgage Company, LLC delivered a converted (statutory conversion) an unsecured Tangible Note as "order paper" to EMC Mortgage Corporation for settlement for Accommodated Party services rendered associated to originating the exchange transaction, **not in an ordinary course of business** and therefore, could not negotiate, assign, transfer the underlying security intangible beneficial security interest enforcement right over the power of sale covenant in the Argent Mortgage Company, LLC currently un-perfected Deed of Trust lien encumbering Plaintiffs' Real Property.

19. As part of the transaction scheme of 26 U.S. Code §1031 – Exchange, Defendants deployed MERS as an electronic agent under the Constructive Deed of Trust as nominee/beneficiary for each successor Defendant as bailor/bailee to streamline a

purportedly hypothecated security interest "Secret Liens" over the Payment Intangible after acquired collateral unlawfully construed as "Proceeds" of Plaintiffs' Real Property. Plaintiffs are informed and believe, and thereon allege that MERS only tracks and updates ownership of the Payment Intangible registered with the MERS database software system; MERS cannot transfer the beneficial right to the Tangible Accommodated Note instrument; a legitimate "True Sale" of a Tangible Note instrument can only be transferred **in an ordinary course of business** by proper negotiation for full value, transfer and delivery by operation of all applicable law. (Exhibit E) MERS Procedural Manual (Exhibit F) MERS Patent

20. Plaintiffs are further informed and believe, and thereon allege that a payment for **full value of the entire instrument in an ordinary course of business** to Argent Mortgage Company, LLC from EMC Mortgage Corporation for the Tangible Note for Accommodation at or before its maturity date destroys the Tangible Notes negotiability thus, no documents or records can be produced that demonstrate that prior to the November 30, 2005 closing date for BS I 2005-AQ2 Trust, the Tangible Note was duly indorsed, transferred and delivered to BS I 2005-AQ2 Trust **in an ordinary course of business** by operation of all applicable law, including all intervening transfers including any purported transfers in the personal property Payment Intangible. Nor can any documents or records be produced that demonstrate that prior to the November 30, 2005, the Deed of Trust was duly assigned, transferred and delivered to BS I 2005-AQ2 Trust, via the Custodian of Records, LaSalle Bank, NA, including all Secret Liens purportedly securing the Payment Intangible intervening transfers/assignments.

21. Plaintiffs further allege that any documents i.e. MERS Assignment of Deed of Trust that purport to transfer a hypothecated beneficial security interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of Exchange to BS I 2005-AQ2 Trust after the Closing Date November 30, 2005 are void as a matter of law; no security interest in the Real Property was perfected in the name of any of the successor defendant to the §1031 - Exchange. The alleged holder of the Tangible Note is not the beneficiary of the Deed of Trust. The alleged beneficiary of Plaintiffs' Deed of Trust, MERS, does not have the requisite title, perfected security interest or standing to proceed in a foreclosure; and/or is not the real party in interest as agent or nominee to

any action taken or to be taken against the Real Property by successor Defendants to the §1031 – Exchange. (Exhibit G) PSA Section 2.01 Conveyance of Mortgage Loans. Plaintiffs are also informed and believe, and thereon allege that at all times herein mentioned, any assignment of a Deed of Trust **without proper transfer** in an ordinary course of business of the Tangible Note that it secures is a legal nullity by operation of law. Plaintiffs are informed and believe, and thereon allege that the BS I 2005-AQ2 Trust had no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of SPV investment in mortgage backed securities as described in the Prospectus identified herein below. A detailed description of the purported mortgage loans which form the BS I 2005-AQ2 Trust is included in Form 424B5 ("the Prospectus"), which has been duly filed with the SEC. (Exhibit H) BS I 2005-AQ2 424B5 Prospectus Supplement

22. Plaintiffs allege that Defendants, and each of them, cannot establish possession, show proper receipt, transfer, negotiations, assignment and ownership of the Tangible Note or Deed of Trust, resulting in imperfect security interests and claims; therefore, none of the Defendants have perfected any colorable claim of title or security interest in the Real Property. Defendants, and each of them, cannot establish that the Deed of Trust purportedly securing the Tangle Note, were legally or properly acquired in accordance to all applicable law. Plaintiffs therefore allege, upon information and belief, that none of the parties to the §1031 – Exchange transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and that all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

23. Plaintiffs allege that an actual controversy has arisen and now exists between the Plaintiffs and Defendants, and each of them. Plaintiffs desire a judicial determination and declaration of its rights about the Real Property and the corresponding Tangible Note and Deed of Trust.

24. Plaintiffs also seek redress from Defendants identified herein for damages, for other injunctive relief, and for cancellation of written instruments based upon:

    a. An invalid and unperfected security interest in Plaintiffs' Real Property hereinafter described;

    b. Void "True Sales;"
    c. An incomplete and ineffectual perfection of a security interest in Plaintiff's Real Property

## STATEMENT OF PERTINENT FACTS

25. Plaintiffs had a Forensic Chain of Title Securitization Analysis completed by qualified expert in to verify the claims of this complaint. (Exhibit I) Affidavit of Arthur A. Bernardo

26. Plaintiffs are the Superior Recorded owners of the Prime Market Property. (Exhibit A) Note.

27. Plaintiffs were issued an Uncertificated Security to execute in the capacity of (Accommodation Party) to a Tangible Note Bill of Exchange on July 11, 2005 regarding a purported loan to (Accommodated Party) Argent Mortgage Company, LLC for $388,000.00.

28. Defendant Argent Mortgage Company, LLC is an account debtor Accommodated Party to a 26 U.S. Code § 1031 – Exchange of property held for productive use or investment.

29. Plaintiffs herein allege that the signatures on the Tangible Note Bill of Exchange instrument as the Accommodation party constitutes a **statutory capacity as Surety** for the Non-Depository Payor Bank, the original Accommodated secured party of record, acting as Trustee/Account Debtor pursuant to a Special Deposit 26 U.S. Code§1031 – Exchange of property held for productive use or investment.

30. Plaintiffs pledged a Constructive Deed of Trust granting Legal Title to Accommodate Argent Mortgage Company, LLC to file against Plaintiffs' Superior Claim to Title filed in the Official Records of the Carroll County Recorder's Office on July 19, 2005 as ins# BOOK 4509 PAGE 748 (Exhibit B) Deed of Trust.

31. The purported Mortgage loan contracts between the parties are specific as to the duties of each party.

32. On or before November 30, 2005, the Closing Date of the BS I 2005-AQ2 Trust, Plaintiffs' Note was sold to the Trust.

33. There is no contemporaneous assignment of Plaintiffs' Mortgage to the Trust as underlying security for Plaintiffs' Note.

34. Plaintiffs' Note and Mortgage are irreparably separated.

35. Any attempt to assign assets into a Trust after the Closing Date of the Trust is a violation of the terms of the Trust and is void.

36. On March 10, 2007 MERS recorded an Assignment of Deed of Trust in the Carroll County Recorder's Office as ins# BOOK 5197 PAGE 690.

37. The March 10, 2007 assignment was executed by Marcia Morgan on behalf of Argent Mortgage Company, LLC without disclosing her true employment.

38. On July 23, 2013, an Assignment of Deed of Trust was filed with the Carroll County Recorder's Office as ins# BOOK 7417 PAGE 0291.

39. The July 23, 2013 assignment purports to assign to the Trust all right, title and interest in Plaintiffs' Deed of Trust.

40. The July 23, 2013 assignment occurred approximately seven years and four months after the Closing Date of the Trust in violation of the terms of the Trust.

41. Plaintiffs allege that only the Depositor, Bear Stearns Asset Backed Securities I, LLC, is the rightful party that can convey the asset into the trust pursuant to investor offering documents as filed with the Securities and Exchange Commission.

## PROPERTY

42. The Real Property description which is the subject of this suit is commonly known as 2200 Emory Road, Reisterstown, MD 21136.

## FIRST CAUSE OF ACTION:
## LACK OF STANDING/WRONGFUL FORECLOSURE

A. **No Defendant Has Standing to Foreclose**

43. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

44. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove, regarding their respective rights and duties, in that Plaintiffs contend that Defendants, and each of them, do not have an equitable right to foreclose on the Property because Defendants, and each of them, have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust. Thus, the purported

power of sale, or power to foreclose non-judicially, by the above specified Defendants, and each of them, no longer applies.

45. Plaintiffs request this Court find that the purported power of sale contained in the Deed of Trust is a nullity by operation of law, because Defendants' actions in the processing, handling and attempted foreclosure of this §1031 - Exchange involved numerous fraudulent, false, deceptive and misleading practices, including, but not limited to, violations of State laws designed to protect borrowers, which has directly caused Plaintiffs to be at an equitable disadvantage to Defendants, and each of them. Plaintiffs further request that title to the Real Property remain in Plaintiffs' name during the pendency of this litigation and deem that any attempted sale of the Real Property is "unlawful and void".

B. **Defendant MERS Cannot be a Real Party in Interest in a Securitized Mortgage**

46. Since the creation of Defendant's Deed of Trust, Defendant MERS was named the "nominee beneficiary" of the Deed of Trust.

47. Plaintiffs are informed and believe, and thereon allege that Defendant MERS lacks the authority under its corporate charter to foreclose a Deed of Trust, or to own or transfer an interest in a Tangible Note debt obligation because MERS charter limits MERS' powers and duties to functioning as an electronic registration system of Payment Intangible Chattel Paper Transferable Records as the underlying collateral to the Tangible Note for Accommodation Bill of Exchange.

48. Plaintiffs are informed and believe, and thereon allege that to conduct a foreclosure action, a person or entity must have legal capacity as interested party and standing.

49. The Tangible Note in this action identifies the entity to whom it accommodated, the Originator. Therefore, the Tangible Note herein cannot be transferred **in an ordinary course of business**; the attachments to the notice of default do not establish that indorsements were made, nor are there any other notices which establish that Tangible Note negotiation was executed in an ordinary course of business, nor are there any other notices which establish that the Originator sold the Tangible Note to another party for full value.

50. Furthermore, insofar as the parties to the §1031 - Exchange of Defendant's purported transfer off enforcement contract rights over the underlying Deed of Trust base their

claim that the Tangible Note and underlying Security was negotiated by operation of law in an ordinary course of business to Defendant LaSalle Bank, NA, the Trustee of the § 1031 - Exchange herein, by the Originator, it is well established State law that the assignment of a Deed of Trust does not automatically assign the Tangible Note nor the underlying Payment Intangible Transferrable Record as the security interest is incident of the Tangible Note debt obligation.

51. Pursuant to State law, one must be able to prove their capacity of holder of the Tangible Note as one with rights acquired in an ordinary course of business to perfect the transfer of enforcement contract rights to the Deed of Trust instrument as collateral for a Tangible Note debt obligation. Without proper negotiation and physical transfer, the "true sale" of the Tangible Note is invalid as a fraudulent conveyance, or as an unsecured Tangible Note stripped fo the Real Property collateral.

52. Defendants MERS failed to submit documents authorizing MERS, as nominee beneficiary for the Originator, to assign the subject Deed of Trust to the Special Purpose Vehicle trustee. Hence, MERS lacked authority as mere nominee beneficiary to assign Plaintiffs' Deed of Trust, making any assignment from MERS defective.

53. Any attempt to transfer the beneficial interest of a trust deed without actual ownership of the underlying Tangible Note attached together in one with the underlying Payment Intangible Transferable Record, is void under law. Therefore, Defendant MERS cannot establish that it is entitled to assert a claim in this case. For this reason, as well as the other reasons set forth herein below, MERS cannot transfer an interest in Real Property, and cannot recover anything from Plaintiffs, with unclean hands.

54. Defendants, and each of them, through the actions alleged above, claim the right to illegally commence foreclosure sale of Plaintiffs' Real Property under the Deed of Trust on the Real Property via an *in Rem* action supported by false or fraudulent documents. Said unlawful foreclosure action has caused and continues to cause Plaintiffs great and irreparable injury in that Real Property is unique.

55. The wrongful conduct of the above specified Defendants, and each of them, unless restrained and enjoined by an Order of the Court, will continue to cause great and irreparable harm to Plaintiffs. Plaintiffs will not have the beneficial use and enjoyment of the Home and will lose the Property.

56. Plaintiffs have no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate to prevent irreparable loss to Plaintiffs. Plaintiffs suffered and will continue to suffer unless Defendants' wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Plaintiffs to determine the precise amount of damage it will suffer.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against Defendant Argent Mortgage Company, LLC/MERS)

57. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein.

58. The terms of the mortgage contract are clear.

59. Pursuant to paragraph 23 – Release, Defendant Argent Mortgage Company, LLC and specifically MERS, their electronic agent, was obligated to satisfy, release and reconvey the beneficial security interest in Plaintiffs' pledged Deed of Trust upon payment of all sums associated with the release premium to Argent Mortgage Company, LLC for Accommodated Party services rendered.

60. Defendant Argent Mortgage Company, LLC was paid in full for their Accommodated capacity to the Tangible Note and Deed of Trust when it sold and relinquished its interest in Plaintiffs' real property to Bear Stearns Asset Backed Securities I, LLC

61. Defendant Argent Mortgage Company, LLC failed to satisfy, release and reconvey the security instrument, thus breaching the terms found in paragraph 23 of the Deed of Trust.

## THIRD CAUSE OF ACTION
## QUIET TITLE

62. Plaintiffs re-allege and incorporate herein by reference all previous paragraphs as though fully set forth herein.

63. All Defendants named herein claim an interest and estate in the property adverse to Plaintiffs in that Defendant asserts it is the owner of the note secured by the Deed of Trust to the property the subject of this suit.

64. All Defendants named herein claims an interest and estate in the Real Property adverse to Plaintiffs in that Defendants' asserts to be the owner of Tangible Note secured by the Deed of Trust to the Real Property, the subject of this suit.

65. The claims of all Defendants are without any legal right whatsoever, and Defendants have no estate, title, lien or interest in or to the Real Property, or any part of the Real Property construed and hypothecated as "After Acquired Collateral" the Intangible Payment transferable record to the §1031 - Exchange.

66. The claim of all Defendants herein named, and each of them, claim some estate, right, title, lien or interest in or to the property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the Real Property.

67. Plaintiffs, therefore, allege upon information and belief, that none of the parties to the §1031 - Exchange transaction, nor any of the Defendants in this case hold a perfected and secured claim in the Real Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiffs' Real Property Estate.

68. Plaintiffs request the decree permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the property; and

69. Plaintiffs request the court award Plaintiffs' costs of this action, and such other relief as the court may deem proper.

## FOURTH CAUSE OF ACTION
## SLANDER OF TITLE

70. Plaintiffs re-allege and incorporate by reference all previous paragraphs as though fully set forth herein

71. Generally, one must prove the following to bring a legally sufficient claim of Slander of Title.
    a. There was a communication to a third party of;
    b. A false statement;
    c. Derogatory to another's title;
    d. With malice; and
    e. Causing special damages

72. There are no UCC 1 Financial Statements perfecting a personal property interest regarding the purported true sale(s) and conveyance of credit swaps in 26 U.S. Code §1031 – Exchange of transferable record Smart Note personal property (payment intangible) in accordance of local law of jurisdiction.

73. There are no UCC 1 Financial Statements perfecting personal property interest in the Accommodated Deed of Trust contract enforcement rights with the Secretary of State's Office where the Real Property resides, giving constructive notice to the world of the true capacity of the purported parties in the §1031 – Exchange in performance of the securities of BS I 2005-AQ2. (See Asset Securitization Comptroller's Handbook Nov. 1997

)

74. Such instruments remained unrecorded as "Secret Liens" within the collateral file and was never submitted for recordation to perfect Defendant's rights to the Accommodated Tangible Note and pledged Deed of Trust lien and the right to enforce an alternate means of collection.

75. Equitable rights to the Payment Intangible in the § 1031 – Exchange do not extend to a lien on Real Property in accordance with statutory law.

76. Defendants, by withholding such facts have potentially committed a grave error Slander of Title causing special damage.

77. The act of recording the purported March 10, 2007 Assignment of Deed of Trust into the Official Records of the Carroll County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff's claim of title.

78. The act of recording the purported July 23, 2013 Assignment of Deed of Trust into the Official Records of the Carroll County Recorder's Office is a communication to a third party of false statement derogatory to Plaintiff's title made with malice causing special damages to the Plaintiff's claim of title.

**FIFTH CAUSE OF ACTION**
**TEMPORARY RESTRAINING ORDER AND FOR INJUNCTIVE RELIEF**

79. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80. Plaintiffs are the record title holder of the Property and are now being threatened with irreparable injury by the conduct of Defendants.

81. Plaintiffs will continue to be in jeopardy of injury by the Defendants' wrongful conduct by the now threatened foreclosure sale, causing irreparable injury by denying them the right to maintain the status quo between the parties pending resolution of the present dispute.

82. Plaintiffs have no adequate remedy at law for both the factual and threatened injuries herein described. Plaintiffs' real property residence and rights involved are non-fungible and utterly unique so that it will be impossible to accurately measure in monetary terms, the damage caused by Defendants' wrongful conduct.

83. Defendants' numerous violations of federal and state statute and inability to establish a claim of right to Plaintiffs' Note or Deed of Trust establishes Plaintiffs' claim as more probable than not and Plaintiffs will likely prevail at the time of trial.

84. Plaintiffs request that Defendants and its agents and employees be enjoined from prosecuting any continuance of a foreclosure sale pending trial.

## SIXTH CAUSE OF ACTION
## DECLARATORY RELIEF

85. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

86. An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove regarding Plaintiffs' respective rights and duties in the subject note and security instrument. Plaintiffs request a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

87. Plaintiffs should be the equitable owner of the Subject Property.

88. Plaintiffs seek to quiet title as of the date of the filing of this Complaint. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

## PRAYER

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties;
- Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiffs and against Defendants and all claiming by, through or under them;
- A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;
- Pre- and post-judgment interest at the maximum rate allowed by law;
- Attorney's fees;
- Monetary relief over $100,000 but not more than $2,000,000.00; and
- Such other and further relief at law and/or in equity to which Plaintiffs may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

Dated: January 6, 2023

_____
Larry N. Dorsey, Pro Se
2200 Emory Road
Reisterstown, MD 21136

_____
Arlene E. Couch, Pro Se
2200 Emory Road
Reisterstown, MD 21136

## VERIFICATION

We, Larry N. Dorsey, Pro se, and Arlene E. Couch, Pro se are the Plaintiffs in the above entitled matter and have personal knowledge to testify to the matters stated therein. We have read the facts and allegations and declare under penalty of perjury in and for the State of Maryland that the above is true and correct to the best of our knowledge.

_____
Larry N. Dorsey, Pro Se
2200 Emory Road
Reisterstown, MD 21136

_____
Arlene E. Couch, Pro Se
2200 Emory Road
Reisterstown, MD 21136

On the 2nd day of February 2023, Larry N. Dorsey and Arlene E. Couch, known to me appeared before me and executed the above document.

_____
NOTARY

JOHNATHAN DAILEY
Notary Public - State of Maryland
Baltimore County
My Commission Expires Jan 19, 2024

My Commission expires on 1/19/2024